## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BUFFINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROGRESSIVE CORPORATION, and PROGRESSIVE ADVANCED INSURANCE CO.,<br><br>Defendants. | Civil Action No.:<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff  Steven Buffington ("Plaintiff"), on behalf of himself and all others similarly situated, hereby alleges against The Progressive Corporation ("Progressive Corporation") and Progressive Advanced Insurance Co. ("Progressive Advanced") (collectively, "Defendants" or "Progressive") the following upon his own knowledge, or where he lacks personal knowledge, upon information and belief, including the investigation of his counsel.

## NATURE OF THE ACTION

1.      This is a class action lawsuit against Defendants arising out of the systematic underpayment of certain mandatory taxes, costs and fees incurred by Plaintiff and putative Class members related to comprehensive and collision automobile coverage.

2.      Defendants' comprehensive and collision automobile coverage promises, upon the occurrence of a total-loss of an insured's vehicle, the payment of "Actual Cash Value" or "ACV." ACV is the cash amount to replace the vehicle, as well as mandatory taxes, costs and fees.  Such payments are required by applicable New York law and Defendants' insurance policies issued to Plaintiff and members of the Classes, defined herein.

3.      Defendants, however, refuse to pay full ACV mandatory taxes, costs, and fees ("Replacement Costs") to first-party total-loss insureds on physical-damage policies containing comprehensive and collision coverages.

4.      As a result, Plaintiff and other Class members have suffered damages due to Defendants' practices.

5.      Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers (defined below), for breach of contract, N.Y. Gen. Bus. Law § 349; and unjust enrichment.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) the Plaintiff is a member of the putative classes defined herein, each of which consists of at least 100 members, and he and the Defendants are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the §1332 exceptions apply to this claim.

7.      Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and the Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

8.      At all times material hereto, Plaintiff Steven Buffington was domiciled in Orange County, New York, and was a citizen of the State of New York. Plaintiff was a named insured under a Progressive Advanced automobile policy issued for private passenger auto physical damage including comprehensive and collision coverage.  Plaintiff insured a leased vehicle. Plaintiff made a first-party total vehicle loss claim under his Progressive Advanced policy with a loss date of March 1, 2019.  Progressive Corporation, on behalf of its subsidiary Progressive

2

Advanced, procured a valuation report for Plaintiff's vehicle and prepared and sent him a document entitled "Settlement Statement" purportedly approving the claim and itemizing what was owed to him for his total vehicle loss claim under his Progressive Advanced policy. Progressive Corporation's Settlement Statement itemized the valuation of the lost vehicle and showed "$0.00" owed to Plaintiff for both taxes and fees.

9.     Defendant Progressive Corporation is an insurance holding company with numerous subsidiaries and affiliates. Progressive Corporation and its subsidiaries provide personal and commercial automobile insurance and other specialty property-casualty insurance and related services throughout the United States. Progressive Corporation is one of the largest property insurance companies in the country.  Progressive Corporation frequently refers to itself (or sometimes itself and its subsidiaries collectively) as and is therefore also known as Progressive Group of Insurance Companies.

10.     Progressive Corporation owns and manages all Progressive subsidiaries operating in the State of New York through its Personal Lines Product Management Group. Through its Personal Lines group, Progressive Corporation oversees and controls all personal auto- and recreational-vehicle insurance and related services in the State of New York.[1]

11.     Progressive Corporation oversees, manages, and controls the following subsidiaries operating within the State of New York:

      a.  Progressive Northwestern Insurance Company
      b.  Progressive Northern Insurance Company
      c.  Progressive Advanced Insurance Company
      d.  Progressive Max Insurance Company
      e.  Progressive Casualty Insurance Company
      f.  Progressive Specialty Insurance Company
      g.  Progressive Direct Insurance Company

---

[1]     *See* Progressive Corporation SEC Annual 10-K Reports for years 2009 and 2019, https://investors.progressive.com/financials (Aug. 26, 2020).

(collectively, "Progressive Subsidiaries"). Progressive Corporation actively participates in the claims settlement process for first-party total vehicle loss claims of insureds under Progressive Subsidiaries' automobile insurance policies, including procuring vehicle valuations, and creating and providing a settlement statement to insureds purporting to show an itemization of the amounts owed to them for the vehicle, taxes and fees under their policy coverage for their total vehicle loss claim and in providing uniform policies and claim handling and payment procedures.

12.    Defendant Progressive Advanced is a subsidiary of Progressive Corporation and writes auto-insurance policies in the State of New York[2] , including an auto-insurance policy issued to Plaintiff.

13.    At all times material hereto, Defendants are foreign corporations located in the State of Ohio, incorporated in Ohio, and authorized to transact insurance in the State of New York. Defendants are incorporated in Ohio with principal office and headquarters located at 6300 Wilson Mills Road, Mayfield, Ohio 44143.

## **AMOUNT-IN-CONTROVERSY**

14.    Progressive Corporation is one of the largest physical damage auto insurers in New York based on premiums written. Ex. A (Market Share Report) pg. 25.

15.    Progressive Advanced alone wrote an average of approximately $363 million in auto-insurance premiums for the years 2017 and 2018.[3]

---

[2]    N.Y. Dep't of Fin. Servs*., Contact Info for N.Y. Auto Insurers,* https://www.dfs.ny.gov/consumers/auto_insurance/telephone_numbers_and_websites_of_auto_i nsurers (Aug. 26, 2020).

[3] N.Y Dep't of Fin. Servs., 2019 complaint Ratios PP-Auto Insurance Complaints per Million Dollars of Premiums written in New York State, https://www.dfs.ny.gov/system/files/documents/2019/11/2019_auto_complaint_ranking.pdf (Aug. 27, 2020).

16.     Progressive's automobile insurance policies required the payment of "Actual Cash Value" for first-party total vehicle loss claims.  New York insurance regulations define "Actual Cash Value" and require that an insurer pay all amounts, which necessarily includes sales taxes, costs and fees, for which the claimant can reasonably be expected to pay to replace the total-loss vehicle with an item substantially identical to the damaged vehicle.  N.Y. Comp. Codes R. & Regs, tit. 11 § 216.6(b)(2) (1982) ("Regulation 64").

17.     During the relevant time period, the State of New York imposed a mandatory minimum title transfer fee of $50 and a mandatory tag transfer fee of $10.

18.     The payment of sales tax is also required in New York in connection with the purchase or lease of any vehicle, and therefore part of the Replacement Cost of any vehicle. The sales tax in Orange County, New York, at the time of Plaintiff's total-loss accident was 8.125%.

19.     During the relevant time period, the State of New York required that all vehicles obtain a safety inspection at a DMV-licensed inspection station when the ownership of the vehicle is transferred.  If a vehicle does not have a valid inspection sticker the owner cannot renew the registration and can be ticketed and fined.  Most vehicles must also get an emissions inspection at the time of the safety inspection.  Inspection fees are noted at https://dmv.ny.gov/forms/vs77.pdf.

20.     Replacement fees for a new title, registration transfer and mandatory inspections are all mandatory fees that an insured must pay to replace a total-loss vehicle.

21.     Plaintiff's claim, as further set out herein, alleges that Defendants' insurance policy contract obliges it to pay Replacement Costs to its insureds (including Plaintiff) in the event of a total-loss.  Moreover, New York regulations require the inclusion of Replacement Costs, specifically including sales tax, in any claim settlement for total-loss vehicles. Defendants nevertheless uniformly decline to include such taxes, costs and fees in settling claims for total-loss

5

vehicles, thereby breaching its contract with every putative class member and violating New York law.

22.    For each approved total vehicle loss claim, Defendants provide its insureds (including Plaintiff) with a settlement statement or materially similar document.  By these settlement statements, Defendants purportedly show its insureds the amounts owed to them for their total vehicle loss claims under their policies.  Defendants' settlement statements falsely stated insureds were owed "$0.00" or nothing for taxes and fees (*i.e.*, Replacement Costs) required to be paid to them for all ACV total-loss claims.  Accordingly, Defendants' settlement statements mislead their insureds as to what was owed to them by New York law and under their policies.

23.    Although the precise number of Class members is unknown and can only be determined through appropriate discovery, Plaintiff believes that, because Defendants are among the largest motor vehicle insurers in the State of New York, the class of persons for each of the Classes defined herein who are affected by Defendants' unlawful practices consists of thousands of individuals and that the amount in controversy for each of the Classes will well exceed $5,000,000, exclusive of interest and costs.  Plaintiff is a member of each of the Classes defined herein.

## FACTUAL ALLEGATIONS

24.    Defendants utilize a standard form policy (the "Policy") within the State of New York.  The standardized Policy language related to comprehensive and collision coverage for ACV of total-loss vehicles is present in every auto policy issued by Progressive in New York. The Policy language is standardized in all relevant and material ways and is utilized by all Progressive subsidiaries operating in New York.

25.     Under the Policy, Progressive promises to pay the ACV of an insured vehicle in the event of a total-loss.  In New York, ACV includes an obligation to pay all mandatory Replacement Costs.

26.     At all times material hereto, Plaintiff insured a 2016 Toyota Sienna XLE, VIN # 5TDDK3DC6GS131202 ("Insured Vehicle").

27.     At all times material hereto, Plaintiff insured the Insured Vehicle under an insurance policy issued by Defendant Progressive Advanced. (Ex. B).

28.     On or about March 1, 2019, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of the accident, Plaintiff filed a claim for property damage with Defendants, claim number 19-4813179-01, and the Insured Vehicle was determined to be a total-loss and that the claim was a covered claim.

29.     Progressive's uniform procedure is to use a third-party vendor to determine the base and adjusted vehicle value (what it calls market value) of total-loss vehicles by using the price to purchase comparable vehicles at the time of the loss.  Progressive Corporation on behalf of its Progressive Subsidiaries procures these third-party valuations and sends materially similar written settlement statements to its Progressive Subsidiaries' insureds advising them of whether their total vehicle loss claim is approved and itemizing the amounts purportedly owed to them for their claim.

30.     Plaintiff's total-loss vehicle is identified in the policy declarations and it was legally titled, inspected and registered in compliance with New York laws at the time of loss.

31.     Plaintiff's policy provides that the insured of a total-loss vehicle shall receive the ACV of the vehicle.  ACV generally and for policies issued in New York specifically combines the market value of the vehicle plus sales taxes, fees and other costs an insured is reasonably expected to pay to replace the total-loss vehicle with an item substantially identical to the damaged vehicle.   Plaintiff challenges Progressive's failure to include costs other than the pre-tax market

value of the vehicle that are reasonably expected to be incurred to replace the insured vehicle with a substantially identical vehicle.  In other words, Plaintiff challenges Progressive's attempt to pay only the expected pre-tax, pre-fees,  market value of the vehicle ignoring that taxes and title, tag and inspection fees are also mandatory costs to replace the titled, registered and inspected insured total-loss vehicle with a substantially identical one, that is also a titled, registered and inspected vehicle.

32.    In addition to the vehicle market value (which takes into account depreciation and condition), other mandatory Replacement Costs—title fees, taxes, registration and inspection fees—are a component of the ACV, and, therefore, should be included in Defendants' calculation of the ACV.

33.    Following the filing of the claim, Defendants determined and provided Plaintiff with a document entitled "Settlement Statement" stating that the Insured Vehicle was a total-loss with a base value of $20,718.78, that $17,816.60 was the "Total Settlement" owed to Plaintiff for his claim, and that "$0.00" was owed to him on his claim for taxes or fees. (Ex. C).  Defendants also obtained and provided Plaintiff with a market valuation report for his total loss vehicle. (Ex. D).

34.    Defendants paid Plaintiff's leasing company $17,816.60 as the ACV payment on his claim.

35.    Defendants' payment of $17,816.60, however, did not include sales tax, title transfer fees, tag transfer fees, safety inspection or any other Replacement Costs mandated by New York laws.

36.    After Defendants' payment to the leasing company, Plaintiff still owed money under the lease which debt would have been satisfied or diminished had Defendants included the Replacement Costs in the ACV payment.

8

37.    Plaintiff replaced his total-loss vehicle and incurred Replacement Costs in doing so.

38.    For example, sales tax is a mandatory cost that must be paid to replace any vehicle in the State of New York.

39.    Mandatory sales tax to lease a vehicle is due at the inception of the lease on the total amount of the lease payments for the entire term of the lease.  N.Y. Tax Law § 1111(i).

40.    The sales tax in Middletown, New York Zip Code 10940 for a replacement vehicle is 8.125% (State tax rate of 4%, County tax rate of 3.75% and Metropolitan Commuter Transportation District tax rate of 0.375%).

41.    Similarly, title transfer fees and tag transfer fees are both mandatory applicable fees that must be paid to replace any vehicle in the State of New York.

42.    New York law requires that all vehicles be properly titled in order to be lawfully driven on New York roadways. *See* N.Y. VEH. & TRAF. § 2104. New York requires the seller of the vehicle to issue an assignment or warranty of title to the buyer. *See* N.Y. VEH. & TRAF. § 2113-14. The buyer then uses the assigned title to make an application for a new title in his or her own name. *Id.* at § 2113(b). The fee imposed for filing an application for a certificate of title is $50. *See* N.Y. VEH. & TRAF. § 2125.

43.    Additionally, New York law requires that all vehicles have proper license plates (or tags) in order to be legally driven on New York roadways.  *See* N.Y. VEH. & TRAF. § 401.  The fee to transfer license plates or tags is $10. *See* N.Y. VEH. & TRAF. § 420.

44.    New York Law also requires that all vehicles have a safety inspection performed whenever it is registered including a transfer of registration.  *See* N.Y. VEH. & TRAF. § 301. Such inspections typically range between $11 and $27 per vehicle.

45.    New York insurance regulations require that an insurer with policy provisions requiring the payment of Actual Cash Value pay all amounts for which the claimant can reasonably be expected to pay to replace the total-loss vehicle with an item substantially identical to the damaged vehicle. N.Y. Comp. Codes R. & Regs, tit. 11 § 216.6(b)(2) (1982) ("Regulation 64"). A violation of Regulation 64 is also a violation of N.Y. Ins. §2601 (the Unfair Claim Settlement Practices Statute).  Replacement Costs include sales taxes and mandatory fees for a new title, registration transfer, and mandatory safety inspection that an insured must pay to replace a total-loss vehicle.

46.    By providing that they will pay Actual Cash Value in the event of a total-loss, Defendants, through the Progressive Policy, promises to pay these mandatory vehicle Replacement Costs—sales tax, title, tag and inspection fees—as part of its Collision and Comprehensive coverages.

47.    Defendants, however, by their conduct alleged herein, breached the Policy contract with Plaintiff and the other Class members by failing to pay sales tax, title transfer fees, safety inspection fees and tag transfer fees upon the total-loss of an insured vehicle.

48.    Defendants also communicate to insureds in their standard claims process communications that Replacement Costs including taxes and fees are not included in the ACV of a total-loss vehicle, which statements are in direct contravention of N.Y. Comp. Codes R. & Regs., tit. 11, § 216.6(b)(2) (1982) (Regulation 64).  In particular, Defendants' provide its insureds making total vehicle loss claims with settlement statements that falsely state insureds were owed "$0.00" or nothing for sales tax and fees required to be paid to them for all ACV total-loss claims under Regulation 64 and hence by their Policy as well.  This standard unfair claims practice, which is a pattern of conduct perpetuated by Progressive Corporation and all of its Progressive Subsidiaries in New York, is deceptive and misleading.

## THE PROGRESSIVE INSURANCE POLICY

49.     The relevant insurance policy language is materially identical as to both Plaintiff and all putative Class members.  Defendants utilize the same or materially the same applicable Policy forms and language for all Class members.

50.     Upon information and belief, the insurance Policy states that "Collision" coverage means they will pay for the sudden, direct and accidental loss to a covered auto, including an attached trailer; or non-owned auto; and its custom parts or equipment, resulting from collision.

51.     Under a provision entitled "Limits of Liability," the Policy states that the "limit of liability for loss to a covered auto . . . is the actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible."

52.     There is no difference, for purposes of the duty to pay ACV on a first-party total-loss claim, between a collision total-loss claim and a comprehensive total-loss claim.

53.     ACV is not specifically defined in the policy.  The policy states that "[d]efined terms are printed in bold-face type."  All references to ACV in the policy are not in bold-face type. The policy has GENERAL DEFINITIONS listed which apply throughout the policy. ACV is not defined in the General Definitions.  The policy providing coverage for DAMAGE TO A VEHICLE has a section entitled Additional Definitions.  ACV is not defined in Additional Definitions in the Damage to a Vehicle coverage sections of the Policy.

54.     Clearly, then, the policy language does not further define ACV as including: (1) any provision excluding state and local regulatory fees or taxes from ACV; (2) any provision deferring payment of the ACV state or local regulatory fees or taxes for any purpose whatsoever; (3) any provision requiring an insured to obtain a replacement vehicle; (4) any provision requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving ACV state and regulatory fees and taxes; or (5) any provision linking the amount of ACV state and regulatory

11

fees and taxes to a particular replacement vehicle and the corresponding state or local regulatory fees and taxes on said replacement vehicle.

55.     Because the Policy lacks a specific definition of ACV and uses ACV to state the coverage an insured has for a total vehicle loss, the definition or meaning of ACV provided by Regulation 64 becomes a term of the Progressive Policy requiring payment of all Replacement Costs, including mandatory sales tax, title, tag and inspection fees.

56.     The Policy language applies to all covered autos irrespective of ownership interests—whether owned, financed or leased, insured autos are considered "owned" for purposes of the Policy.

## CLASS ALLEGATIONS

57.     Plaintiff brings this action respectively seeking representation of the Classes, defined below, pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3) and/or (c)(4), as may deemed appropriate by the Court.

58.     Plaintiff brings this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

### CLASS A

All insureds, under any automobile insurance policy issued in the State of New York by Progressive Advanced, with the same or materially the same operative policy language covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total-loss, who made a first-party claim for total-loss, and whose claim was adjusted as a total-loss, within the six-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and were not paid ACV sales tax or state and local regulatory fees for their claim on the loss of said vehicle.

### CLASS B

All insureds, under any automobile insurance policy issued in the State of New York by Progressive Northwestern Insurance Company; Progressive Northern Insurance Company; Progressive Advanced Insurance Company; Progressive Max Insurance Company; Progressive Casualty Insurance Company; Progressive

Specialty Insurance Company; or Progressive Direct Insurance Company, covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who made a first-party claim for total-loss, and who, within the three years' time period prior to the date on which this lawsuit was filed to the date of any certification order, were sent a written claim settlement statement from Defendants indicating they would not receive any amount for taxes or fees associated with the total-loss vehicle and were not paid by any of the aforementioned insurance companies ACV sales tax or state and local regulatory fees for their claim on the loss of said vehicle.

## CLASS C

All insureds, under any policies issued in the State of New York by Progressive Northwestern Insurance Company; Progressive Northern Insurance Company; Progressive Advanced Insurance Company; Progressive Max Insurance Company; Progressive Casualty Insurance Company; Progressive Specialty Insurance Company; or Progressive Direct Insurance Company, covering a vehicle with private-passenger auto physical damage coverage for comprehensive or collision loss, who made a first-party claim for total-loss, and who, within the three years' time period prior to the date on which this lawsuit was filed to the date of any certification order, and were not paid by any of the aforementioned insurance companies ACV sales tax or state and local regulatory fees for their claim on the loss of said vehicle.

Class A, Class B and Class C are collectively referred to as the "Classes".

59.    Although the precise number of Class members for the Classes are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendants combined are one of the largest motor vehicle insurers in the State of New York and writes millions of dollars of private-passenger physical-damage coverage premiums, the persons affected by Defendants' unlawful practice consists of thousands of individuals for each of the Classes, or the persons affected for each of the Classes are otherwise so numerous that joinder of all Class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendants pursuant to standardized insurance policy language and materially the same written claim settlement communications, and results in the retention by Defendants of insurance benefits and monies properly owed to Plaintiff and the Class members of each of the Classes. Thus, numerosity as to each of Classes is established.

13

60.    Fed. R. Civ. P. 23(a)(3)'s typicality requirement for Plaintiff and each of the Classes is satisfied for reasons articulated herein.

61.    Plaintiff's claims are typical to those of all members of each of the Classes because members of the Classes are similarly affected by Defendants' uniform failure to make pay the full ACV upon the total-loss of insured vehicles, and misleading uniform written claim settlement communications. The material and relevant policy terms for each member of the Classes are substantially identical to the terms of Plaintiff's policies, as are the written claim settlement communications, such as the settlement statements, sent by Defendants to Plaintiff and Class members. Further, Plaintiff's and members of the Classes' legal claims arise from the same core practices, namely, the failure to make failure to make full ACV payments, including sales tax and tag/title transfer fees, for first-party total-loss claims. Plaintiff's claims are based upon the same legal theories as those of the members of each of the Classes. Plaintiff suffered the same harm as all the other members of each of Classes he seeks to represent. Moreover, the applicable law is New York and it is uniformly applicable to Plaintiff and members of the Classes.

62.    Plaintiff's interests are coincident with and not antagonistic to those of other Class members of each of the Classes, nor is the Plaintiff subject to any unique defenses.

63.    Plaintiff and his counsel will fairly and adequately protect and represent the interests of each member of the class.

64.    Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and defending class actions. Plaintiff's counsel have successfully litigated other class action cases similar to that here, where insurers breached contracts with insureds by failing to include sales tax and/or total-loss fees after total losses.

65.    Plaintiff's claims raise questions of law and fact common to all members of the Classes, within the meaning of FRCP 23(a)(2), and they predominate over any questions affecting

14

only individual Class members within the meaning of Rule 23(b)(3). The central issues in this litigation turn on interpretation of materially identical policy provisions; thus, this case is well-suited for class-wide adjudication. Defendants and all Class members are bound by the same materially identical policy terms and Defendants sent them materially the same written settlement communications. Said predominant common questions include, but are not limited to, the following: (a) whether, under the Defendants' standardized policy language, Plaintiff and Class members whose total vehicle loss claims were approved by Defendants are owed an amount including mandatory title and tag transfer fees and approximately 8% of the vehicle value in sales tax upon the total-loss of an insured vehicle; (b) whether Defendants are required under New York law to pay mandatory costs, taxes and fees to insureds who suffer total-losses to vehicles insured under Defendants' Policies; (c) whether Defendants breached its insurance contracts with the Plaintiff and the Class members by failing to pay such Replacement Costs upon the total-loss of an insured vehicle; (d) whether Defendants sent materially identical and misleading written claim settlement communications to Plaintiff and Class members falsely indicating that they were not to receive taxes or fees on their total vehicle loss claims, and e) whether Defendants' total vehicle loss claim settlement payment did not include ACV sales tax or state and local regulatory fees for the loss of said vehicle.

66.    Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for a fair and efficient adjudication of the controversy because, among other reasons, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, because the damages suffered by individual Class members of each of the Classes is relatively small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for Class members to seek individual redress for the wrongs done

to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

67.    The issues related to Plaintiff's claims do not vary from the issues relating to the claims of the other members of the Classes such that a class action provides a more efficient vehicle to resolve this claim than through a myriad of separate lawsuits.

68.    Certification of the above Classes is also supported by the following considerations:

   a.    The relatively small amount of damages that members of the Classes have suffered on an individual basis would not justify the prosecution of separate lawsuits;

   b.    Counsel in this class action is not aware of any previously filed litigation against the Defendants in which any of the members of the Classes are a party and which any question of law or fact in the subject action can be adjudicated; and

   c.    No difficulties would be encountered in the management of Plaintiff's claim on a class action basis, because the Classes are readily definable and the prosecution of this class action would reduce the possibility of repetitious litigation.

69.    Defendants' breach of Policy provisions requiring them to pay ACV on total-loss claims is a continuing breach and violation of Policy terms. Moreover, Defendants are continuing to pay new first-party total-loss vehicle claims under the same Policy provisions without paying full ACV taxes, fees and costs, and are continuing to send its insureds settlement communications falsely indicating that no taxes or fees are owed for their first-party total-loss vehicle claims. Injunctive relief is necessary to stop these repeated and continued violations, which are likely to continue, repeat, and cause damages to the Classes in the future.

70.    In the alternative, the action may be maintained as a class action with respect to particular issues, pursuant to Fed.R.Civ.P. 23(c)(4).

## COUNT I: BREACH OF CONTRACT AGAINST DEFENDANT PROGRESSIVE ADVANCED

71.    The allegations contained herein are incorporated by reference.

72.     This count is brought by Plaintiff individually and on behalf of the Class A Members against Defendant Progressive Advanced.

73.     Plaintiff was a party to an insurance contract with Defendant Progressive Advanced as described herein. All Class A Members were parties to an insurance contract with Defendant Progressive Advanced containing materially identical terms.

74.     The interpretation of Plaintiff's and all Class A Members' insurance Policies is governed by New York law.

75.     Plaintiff and all Class A Members made a claim determined by Defendant Progressive Advanced to be a first-party total-loss vehicle under the insurance policy and determined to be a covered claim.

76.     Defendant Progressive Advanced, by paying the total-loss vehicle claim, determined that Plaintiff and each Class A Member complied with the terms of their insurance policy contracts, and fulfilled all duties and conditions under the Policy to be paid on his or her total-loss of vehicle.

77.     Pursuant to the aforementioned uniform contractual provisions, upon the total-loss of insured vehicles, Plaintiff and every Class A Member were owed the Actual Cash Value of the vehicles, including all mandatory Replacement Costs.

78.     Defendant Progressive Advanced refused to pay Replacement Costs to Plaintiff and every Class A Member.

79.     Defendant Progressive Advanced's failure to provide the promised coverage constitutes a material breach of contract with Plaintiff and every Class A Member.

80.     Defendant Progressive Advanced is one of the largest physical damage auto insurers in New York. Progressive Advanced utilizes the same or materially the same form Policy for all insureds within the state, which promises to pay for Replacement Costs in the event of a

17

total-loss. The payment of sales tax and fees is further required pursuant to New York insurance regulations as detailed herein, and which govern the interpretation of Defendant Progressive Advanced's Policy. By failing to pay Replacement Costs, which are promised under the Policy and required under New York law, Defendant Progressive Advanced not only breaches its Policy contracts, but also perpetuates conduct that violates community standards for decency, fairness, and breaches its duty of good faith and fair-dealing.

81.     As a result of said breaches, Plaintiff and the Class A Members are entitled under Defendant's insurance Policies to sums representing the benefits owed for ACV mandatory taxes and fees (i.e., Replacement Costs), as well as costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief, and other relief as is appropriate.

## COUNT II: DECEPTIVE ACTS AND PRACTICES, NEW YORK GEN. BUS. LAW. § 349 AGAINST DEFENDANTS

82.     The allegations contained herein are incorporated by reference.

83.     This Count is brought by Plaintiff on behalf of himself and all Class B Members against Defendants Progressive Corporation and Progressive Advanced Insurance Co.

84.     Defendants promise to pay ACV in the event of a total-loss of an insured vehicle. ACV is not specifically defined under Progressive's standard policies.

85.     Under New York insurance regulations, when ACV is not specifically defined in a policy, it shall mean: "the lesser of the amounts for which the claimant can reasonably be expected to:

   a.   repair the property to its condition immediately prior to the loss; or

   b.   replace it with an item substantially identical to the item damaged. **Such amount shall include all monies paid or payable as sales taxes on the item repaired or replaced.** This shall not be construed to prevent an insurer from issuing a policy insuring against physical damage to property, where the amount of damages to be paid in the event of a total-loss to the property is a specified dollar amount.

18

11 NYCRR § 216.6 (emphasis added).

86.    According to these requirements, Defendants were required to pay all sales taxes on the total-loss vehicles and amounts for mandatory title, tag and inspection costs reasonably expected to replace the insured vehicle. Nevertheless, Defendants falsely and misleadingly communicate to insureds in their standard and materially identical settlement claims communications that these reasonably expected Replacement Costs are not part of what they are entitled to receive for their total-loss vehicle claim on their Progressive Policy.

87.    Section 349(a) of the N.Y. Gen. Bus. Law proscribes the use, act, or employment of deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in New York State.

88.    Defendants' business practices are governed by Section 2601 of the New York Insurance Law, which lists the following practices that, by definition, are deceptive acts and practices:

> (1)  knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;
>
> (2)  failing to acknowledge with reasonable promptness pertinent communications as to claims arising under its policies;
>
> (3)  failing to adopt and implement reasonable standards for the prompt investigation of claims arising under its policies;
>
> (4)  not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear, except where there is a reasonable basis supported by specific information available for review by the department that the claimant has caused the loss to occur by arson. After receiving a properly executed proof of loss, the insurer shall advise the claimant of acceptance or denial of the claim within thirty working days;
>
> (5)  compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(6)  failing to promptly disclose coverage pursuant to subsection (d) or subparagraph (A) of paragraph two of subsection (f) of section three thousand four hundred twenty of this chapter;

(7)  submitting reasonably rendered claims to the independent dispute resolution process established under article six of the financial services law; or

(8)  artificially deflating or otherwise lowering cost data used for adjusted claims, or using cost data that is not appropriate for the region of the state where the loss occurred; this shall include but is not limited to claims adjusted by a person issued a temporary permit pursuant to subsection (n) of section two thousand one hundred eight of this chapter.

Accordingly, Defendants are clearly on notice that in New York their claim settlement communications and practices may not be misleading or false in any material respect.

89.    Defendants engage in deceptive acts and practices in violation of New York Gen. Bus. Law. § 349 by knowingly misrepresenting and misleading Plaintiff and Class B Members as to pertinent facts related to their Policy coverage for their total-loss vehicle claims.

90.    Specifically, Defendants falsely state, mislead and otherwise conceal from their insureds that they are entitled to sales tax and other reasonably expected fees in the event of a total-loss of their titled, registered and inspected insured vehicles.

91.    In the event of a total-loss, Defendants provide their insureds with materially identical written settlement communications that set forth what purports to be the ACV of the total-loss vehicle to which they are purportedly entitled to receive for their claim. These communications that are directed toward and broadly impact consumer insureds in New York fail to include any provision for either taxes or fees, and instead falsely and misleadingly indicate that no taxes or fees are owed or payable for the total-loss vehicle claim.

92.    This practice and these materially identical written claim settlement communications, which is part of a pattern of conduct with respect to its settlement practices

20

throughout New York, constitutes a deceptive and unfair act that is directed toward consumers in the State of New York.

93.     The foregoing deceptive act and practice is misleading in a material way because it fundamentally misrepresents the amounts to which Plaintiff and Class B Members are entitled to receive for their total-loss vehicle claim.

94.     Defendants' deceptive practices have caused Plaintiff and all Class B Members injury by misleading them and thereby enabling the undervaluing the ACV owed to insureds from the total-loss of their insured vehicles, resulting in an underpayment to them.

95.     The rights, remedies and prohibitions afforded by New York Gen. Bus. Law. § 349 are in addition to any other right, remedy or prohibition provided by common law or by statute.

96.     Defendants have violated New York Gen. Bus. Law. § 349 by acting deceptively toward Plaintiff and all Class B Members. Defendants' deceptive acts and practices violating New York Gen. Bus. Law. § 349 have been knowing and/or willful.

97.     As a result of their deceptive practices, Plaintiff and Class B Members are entitled to actual damages or $50.00, whichever is greater, three times actual damages, and reasonable attorneys' fees, as well as costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief and other relief as is appropriate.

## COUNT III: UNJUST ENRICHMENT AGAINST DEFENDANTS

98.     The allegations contained herein are incorporated by reference.

99.     This Count is brought by Plaintiff on behalf of himself and all Class C Members against Defendants Progressive Corporation and Progressive Advanced Insurance Co.

100.    Defendants provide insurance coverage to Plaintiff and all Class C Members.

101.    Defendants engaged in unlawful, deceptive and unfair practices as described herein resulting in undervaluing the ACV for total-loss vehicle claims and failing to pay Plaintiff and Class C Members all mandatory fees and taxes to which they were entitled.

102.    Defendants' unlawful and deceptive practices are directed toward all insureds covered under Progressive Policies within the State of New York, including all of the Progressive Subsidiaries referenced herein. Accordingly, Defendants' unlawful and deceptive practices are directed toward the general public.

103.    It is contrary to equity and good conscience to allow Defendants to profit from their unlawful and deceptive conduct and misleading representations.

104.    As a result of their unjust enrichment, Plaintiff and Class C Members are entitled to treble damages, as well as costs, pre-judgment and post-judgment interest, declaratory relief, injunctive relief and other relief as is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Classes request an award, relief and entry of a judgment, as follows:

A.    An order certifying that this action is properly brought and may be maintained as a class action for each of the Classes; that Plaintiff be appointed representative of each of the Classes; and that Plaintiff's counsel be appointed counsel for each of the Classes.

B.    Compensatory damages for each Cause of Action for which they are available.

C.    Statutory damages allowable under New York Gen. Bus. Law § 349.

D.    Punitive damages for each Cause of Action for which they are available.

E.    Restitution in an amount determined at trial for each Cause of Action asserted herein for which this relief is available.

F.      An Order declaring Defendants' conduct to be unlawful, deceptive and in violation of the parties Policy contracts and applicable New York law, and enjoining Defendants from continuing the unlawful, deceptive practices described throughout this Complaint.

G.      An Order awarding Plaintiff his costs of suit, including reasonable attorneys' fees and pre- and post-judgment interest for each Cause of Action for which they are available.

H.      An Order requiring an accounting for, and imposition of, a constructive trust upon all monies Defendants received as a result of the misleading, fraudulent and unlawful conduct alleged herein.

I.      Such other and further relief as may be available as part of the statutory claims asserted herein, or otherwise as may be deemed necessary or appropriate for any of the claims asserted.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

DATED:  September 10, 2020

FEINSTEIN DOYLE PAYNE
 & KRAVEC, LLC

By:  *s/Joseph N. Kravec, Jr.*
        Joseph N. Kravec, Jr.

29 Broadway, 24th Floor
New York, NY  10006-3205
Telephone: (212) 952-0014
Email: jkravec@fdpklaw.com

and

429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA  15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007

Edmund A. Normand
(*pro hac vice* to be submitted)
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, FL  32803
Telephone:  (407) 603-6031
Facsimile:  (888) 974-2175
Email:  ed@normandpllc.com

Antonio Vozzolo
**VOZZOLO LLC**
345 Route 17 South
Upper Saddle River, NJ  07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com

***Counsel for Plaintiff and
the Proposed Classes***