> Application denied for failure to comply with this Court's Individual Practice 2.C.
>
> The parties are directed to meet and confer to determine which information, if any, included in or attached to plaintiff's motion for class certification should be redacted. If the parties are unable to agree on redactions, a renewed application can be made in accordance with this Court's Individual Practice 5.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 51 and Doc. 53.
>
> SO ORDERED.
>
> *[signature]*
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>          August 26, 2021

**Normand PLLC**

3165 McCrory Place
Suite 175
Orlando, FL 32803

T: 407 603 6031
F: 888 974 2175

**NORMANDPLLC.COM**

# NORMAND

August 25, 2021

<u>via ECF</u>

Honorable Philip M. [Halpern]
United States District [Court]
Southern District of [New York]
500 Pearl Street, Room [...]
New York, New York [...]

**Re:** *Buffington v. The Progressive Corp.*, Case No.: 20-cv-07408

Dear Judge Halpern:

We represent Plaintiff Steven Buffington in the referenced putative class action. Pursuant to Your Honor's Individual Practices R. 5, and the Stipulated Confidentiality Agreement and Protective Order entered in this matter (Doc. 38), the Plaintiff hereby files his Unopposed Letter Motion to File Under Seal Plaintiff's Motion for Class Certification and exhibits, and hereby states in support the following:

This is a class action lawsuit against Defendant arising out of the systematic underpayment of certain mandatory taxes, costs and fees incurred by Plaintiff and putative Class members related to comprehensive and collision automobile coverage.

Because this case requires examination of Defendant's internal policies and procedures including confidential and personal data related to insurance policies and claims, the parties jointly agreed to a Stipulated

Confidentiality Agreement and Protective Order governing the information marked confidential (Doc. 38).

The Confidentiality Agreement provides that the parties must seek to file any documents or information designated by a party as "Confidential" under seal. (Doc. 38 at p. 5). The Court entered the Confidentiality Agreement and Protective Order on February 9, 2021. Plaintiff seeks to file his Motion for Class Certification, which includes and attaches information that Defendant has designated "Confidential" pursuant to the Agreed Confidentiality Order (Doc. 38). Plaintiff anticipates that Defendant will allege certain of this information must be either redacted or sealed on the record. In order to avoid disclosure of any potential confidential information, and to give the Defendant adequate time to identify if leave to file under seal is appropriate, Plaintiff requests leave to file his Motion and exhibits under seal. Following the filing of the Motion and exhibits, Plaintiff respectfully requests that the Court order the Defendant to identify the materials to remain under seal and to be redacted within 14 days.

Thank you for your attention to this matter. If the Court has any questions, we are available at your convenience.

Respectfully submitted,

*/s/ Amy Judkins*
Amy L. Judkins
NORMAND PLLC