# NORM

> Application granted to file the unredacted document docketed at Doc. 56 under seal.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 55.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         August 30, 2021

**Normand PLLC**

3165 McCrory Place
Suite 175
Orlando, FL 32803

T: 407 603 6031
F: 888 974 2175

**NORMANDPLLC.COM**

August 27, 2021

*via ECF*

Honorable Philip M. Hal
United States District Co
Southern District of New
500 Pearl Street, Room 1950
New York, New York 10017

**Re:** *Buffington v. The Progressive Corp., Case No.: 20-cv-07408*

<u>Pre-Motion Conference Letter Regarding Leave to File Under Seal</u>

Dear Judge Halpern:

We write on behalf of Plaintiff Steven Buffington in response to the Court's August 26, 2021, Order (Dkt. 54) directing the parties to confer on redactions to Plaintiff's Motion for Class Certification and accompanying exhibits (the "Class Certification Motion"). Inadvertently, Plaintiff failed to reference that on August 25, 2021, prior to the filing of the Class Certification Motion, Plaintiff's counsel conferred with Defendant's counsel, who agreed to the request. Accordingly, Plaintiff respectfully requests and resubmits their letter request seeking leave to file Plaintiff's unredacted Motion for Class Certification under Seal.

Plaintiff seeks to seal or redact information and exhibits that have been marked as confidential by Defendant. Pursuant to Your Honor's Individual Practices R. 2(c) and R. 5, we have enclosed an unredacted version of the Class certification Motion with the proposed redactions highlighted in Yellow, and we have filed the proposed redacted version of the Class Certification Motion along with this letter via ECF. We have provided Defendant with the same materials, along with a final, unredacted version of the Class Certification Motion contemporaneously with the filing of this letter.

As noted above, on April 25, 2021, prior to the filing of the Class Certification Motion, Plaintiff's counsel conferred with Defendant's counsel, who agreed in principle that Defendant's confidential documents should be redacted and/or filed under seal. Sealing is warranted her because the Class Certification Motion contains information marked as "Confidential" as defined by the Stipulated Confidentiality Agreement and Protective Order entered in this matter on February 9, 2021 (Dkt. 38) (the "Protective

Case 7:20-cv-07408-PMH Document 55 Filed in NYSD on 08/27/2021 Page 2 of 2

Order"). Specifically, the Class Certification Motion references materials from one or more expert reports, as well as depositions and document discovery that were all designated as "Confidential" by the respective producing parties pursuant to the Protective Order.[1] The proposed redactions were selective and necessary to comply with the Confidentiality Agreement and Protective Order entered by the Court.

Further, Defendant's counsel has indicated that, once Defendant has the opportunity to review the exhibits to the motion, Defendant may be able to withdraw some or all of its confidentiality designations on the exhibits, which also may allow Plaintiff to remove certain redactions in his brief. Defendant has committed to review the exhibits that are being provided with this letter and make any revised confidentiality determinations within fourteen days.

Based on the foregoing, Plaintiff respectfully requests leave to file his unredacted Class Certification Motion under seal.

Thank you for your attention to this matter. If the Court has any questions, we are available at your convenience.

Respectfully submitted,

/s/ Amy Judkins
Amy L. Judkins
NORMAND PLLC

---

[1] The Confidentiality Agreement provides that the parties must seek to file any documents or information designated by a party as "Confidential" under seal. (Dkt. 38 at p. 5).