UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN BUFFINGTON, on behalf of himself and
all others similarly situated,

**MEMORANDUM OPINION
AND ORDER**

                         Plaintiff,

20-CV-07408 (PMH)

            -against-

PROGRESSIVE ADVANCED INSURANCE CO.,

                        Defendant,
-----------------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

Steven Buffington ("Plaintiff"), individually and on behalf of all others similarly situated,

brings this action against Progressive Advanced Insurance Company ("Defendant") for allegedly

underpaying the "actual cash value" ("ACV") of total-loss vehicles to policyholders by omitting

sales tax from the calculation thereof. (Doc. 44, "Am. Compl." ¶ 1). Plaintiff initially brought three

claims for relief: (i) breach of contract; (ii) violation of New York General Business Law

("NYGBL") § 349; and (iii) unjust enrichment. (*See generally*, *id.*). Plaintiff thereafter voluntarily

withdrew his unjust enrichment claim with prejudice. (Doc. 79).

Plaintiff moved, on September 2, 2021, to certify a class under Federal Rule of Civil

Procedure 23(b)(3). (Doc. 59; Doc. 60, "Pl. Br."). The "Proposed Class" is defined as:

> [a]ll persons: (a) who insured a vehicle for physical damage
> coverage under a New York automobile insurance policy issued by
> Progressive Advanced Insurance Company, (b) who made a claim
> under the policy for physical damage to the vehicle, (c) whose claim
> was adjusted as a total loss between September 10, 2014, and the
> date of certification of the Class, and (d) who were not paid the
> applicable New York sales tax owed for their total-loss claim.

(Doc. 59 at 1). Plaintiff also seeks appointment as class representative and appointment of his

attorneys as class counsel. (*Id.*). Defendant opposed Plaintiff's motion on October 11, 2021 (Doc.

67, "Opp. Br."), and the motion was fully submitted upon the filing of Plaintiff's reply papers on November 10, 2021 (Doc. 75, "Reply").[1]

For the reasons set forth below, the motion is GRANTED.

<u>**BACKGROUND**</u>[2]

Plaintiff was a named insured under an automobile policy issued for comprehensive and collision coverage issued by Defendant (the "Policy"). (Am. Compl. at 1; *id.*, Ex. A, "Policy"). Plaintiff insured a vehicle he leased, a 2016 Toyota Sienna minivan (the "Insured Vehicle"), under the Policy. (*Id.* ¶¶ 19-20). The Policy provided for a "limit of liability," by which Defendant was obligated to pay "*the lowest of* . . . the [ACV] of the stolen or damaged property at the time of the loss reduced by the applicable deductible . . . [or] the amount necessary to replace the stolen or damaged property reduced by the applicable deductible" in the event of a total loss. (Policy at 39 (emphasis added)).

Plaintiff was involved in a total loss accident with the Insured Vehicle on March 1, 2019 and thereafter filed a claim with Defendant. (Am. Compl. ¶ 21). Defendant, in turn, elected to pay out the ACV of Plaintiff's vehicle: $17,816.60. (*Id.* ¶ 25; Opp. Br. at 5). Plaintiff alleges that this amount did not include sales tax as "mandated by New York laws." (Am. Compl. ¶¶ 27, 33 (citing N.Y. Comp. Codes R. & regs, Tit. 11 § 216.6(b)(2) (1982) ("Reg. 64"))). Plaintiff alleges that he "still owed money under [his] lease" after Defendant paid out $17,816.60 to his leasing company

---

[1] The Court granted each party's application to file unredacted versions of their motion papers under seal. (*See* Doc. 58; Doc. 69; Doc. 77). Citations herein correspond to the publicly-filed, redacted versions of the filings unless noted otherwise.

[2] The facts recited herein are drawn from the Amended Complaint and evidence submitted by the parties in connection with this motion. *See Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279 (S.D.N.Y. 2019) ("When considering a motion for class certification, courts accept the allegations in the complaint as true. And a court may consider material outside the pleadings in determining the appropriateness of class certification." (citing *Heredia v. Americare, Inc.*, No. 17-CV-06219, 2018 WL 2332068, at *2 (S.D.N.Y. May 23, 2018))).

(i.e., Toyota) in an amount that "would have been satisfied or diminished had Defendant included the sales tax in the ACV payment." (*Id.* ¶ 28). Plaintiff also alleges that he "replaced his total loss vehicle and incurred sales tax in doing so." (*Id.* ¶ 29).[3]

The Policy contains the same limitation of liability for lessees (like Plaintiff) as it does for vehicle owners. (*Id.* ¶ 17). Defendant, however, "has made the business decision to pay sales tax for *owned* vehicles" because of Reg. 64. (Opp. Br. at 7 (emphasis added)). "For leased vehicles, however, [Defendant] generally does not include sales tax" based on an understanding that Reg. 64 does not apply. (*Id.*). The Proposed Class contains all lessees *and* owners who "were not paid *full* sales tax for their total-loss claim." (Pl. Br. at 1 (emphasis added)).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 23(a) instructs that class certification is appropriate where the putative class:

> (1) is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*See also Wedra v. Cree, Inc.*, No. 19-CV-03162, 2022 WL 2116760, at *1 (S.D.N.Y. June 13, 2022). There is also an implied requirement of ascertainability in this Circuit—i.e., that there be an identifiable class. *See Westchester Indep. Living*, 331 F.R.D. at 287; *Jeffries v. Pension Tr. Fund of Pension, Hospitalization & Benefit Plan of Elec. Indus.*, No. 99-CV-04174, 2007 WL 2454111, at *11, *14 (S.D.N.Y. Aug. 20, 2007) (explaining that the implied requirement of "ascertainability" requires that plaintiff identify existence of aggrieved class).

---

[3] Defendant disputes this allegation, arguing that "Plaintiff has not paid . . . Toyota [and] Toyota has not sought to collect" sales tax. (Opp. Br. at 5). Defendant also argues that "Plaintiff has not incurred any out-of-pocket expenses that he was not reimbursed." (*Id.*).

Once the requirements of Rule 23(a) are met, the plaintiff must then show by a preponderance of the evidence that the proposed class is "maintainable" by meeting at least one of the requirements set forth in Rule 23(b). *Westchester Indep. Living*, 331 F.R.D. at 287; *Wedra*, 2022 WL 2116760, at *2. Certification in this case is sought under Rule 23(b)(3), which requires that "the court find[ ] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The plaintiff carries the burden of establishing by a preponderance of the evidence that each of the requirements of Rule 23 is met. *See Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc*., 546 F.3d 196, 202 (2d Cir. 2008); *Westchester Indep. Living*, 331 F.R.D. at 287. The Court's determination involves a "rigorous analysis," to ensure actual, not presumed, conformance with Rule 23. *Westchester Indep. Living*, 331 F.R.D. at 287 (quoting *In re Initial Pub. Offerings Sec. Litig*., 471 F.3d 24, 41 (2d Cir. 2006)). "Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013). Merit based inquiries, at the class certification stage, however, are permitted only to the extent "that they are relevant to determining whether the Rule 23 prerequisites" are satisfied. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465-66 (2013); *Wedra*, 2022 WL 2116760, at *2.

## <u>ANALYSIS</u>

I.     <u>Rule 23(a)(1): Numerosity</u>

Rule 23(a)(1) requires a finding that "the class is so numerous that joinder of all members is impracticable." A presumption of numerosity arises when there are forty or more members of

the putative class. *See Consol. Rail Corp. v. Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). A "plaintiff need not establish the precise number of class members so long as the plaintiff reasonably estimates that the number is substantial, and relies on reasonable inferences drawn from the available facts." *Wedra*, 2022 WL 2116760, at *2 (quoting *Wang v. Tesla, Inc*., 338 F.R.D. 428, 436 (E.D.N.Y. 2021)). Plaintiff avers that the class size here exceeds 4,000 members. (*See* Pl. Br. at 10-11). Defendant does not dispute this assertion or that the numerosity element has been met. (*See generally* Opp. Br.) Under these circumstances, the first Rule 23(a) factor is satisfied.

II.    Rule 23(a)(2): Commonality

Rule 23(a)(2) requires a showing of "questions of law or fact common to the class." "Commonality is satisfied where a single issue of law or fact is common to the class." *Shapiro v. JPMorgan Chase & Co.*, Nos. 11-CV-08331, 11-CV-07961, 2014 WL 1224666, at *14 (S.D.N.Y. Mar. 24, 2014). This test presents a "low hurdle." *See Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co*., 301 F.R.D. 116, 131 (S.D.N.Y. 2014). A showing of commonality requires "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Plaintiff argues that "whether [Defendant] breached its form Policy by failing to pay sales tax is a common question of law, the answer to which will apply equally to all Class members" because "[a]ll Class members were subject to the same Policy language, and resolution of each Class member's claim will be determined by the interpretation of identical Policy language." (Pl. Br. at 11). Defendant counters that lessees who received no sales tax reimbursement are in a different legal position from any owners who were reimbursed some amount of the sales tax which they paid. (Opp. Br. at 10).[4]

---

[4] Defendant repeats this argument as to various Rule 23 factors, as discussed *infra*.

Ultimately, Plaintiff has overcome the "low hurdle" required to satisfy this factor. In general, "[c]laims arising from interpretations of a form contract appear to present the classic case for treatment as a class action." *Hanks v. Lincoln Life & Annuity Co. of New York*, 330 F.R.D. 374, 380 (S.D.N.Y. 2019) (internal citation omitted). Defendant's argument that the variation between lessees and owners weighs against commonality was considered and rejected in *Paris v. Progressive Am. Ins. Co.*, No. 19-CV-21761, 2020 WL 7039018 (S.D. Fla. Nov. 13, 2020). There, Judge Dimitrouleas in the Southern District of Florida, certified a class of plaintiffs asserting claims based on the *same* form-contract language at issue here. *Id*. at *7. Judge Dimitrouleas held that "whether the contract requires Progressive to pay sales tax and title and transfer fees is a common question of contract interpretation central to Defendants' liability" regardless of the status of class members as lessees or owners. *Id*. The same conclusion holds true here. Defendant's argument that sales tax is not owed to lessees under Reg. 64 (Opp. Br. at 3) goes to the merits of the case and does not defeat class certification at this stage either for the breach of contract or the NYGBL claim. Whether Defendant underpaid or failed to pay sales tax to a given insured, the question remains the same for class members—did Defendant pay what it owed under its form policy and did it represent the same to consumers? The second Rule 23(a) factor is met.

III.    Rule 23(a)(3): Typicality

Rule 23(a)(3) requires "the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-N. Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart Stores, Inc.*, 564 U.S. at 360; *see also Westchester Indep. Living*, 331 F.R.D. at 293 ("A named plaintiff's claim is typical under Rule 23(a)(3) if it arises from the same event or course of

conduct that gives rise to claims of other class members and the claims are based on the same legal theory." (internal quotation omitted)). Some courts "discuss the commonality and typicality requirements together," but "the commonality requirement tests the definition of the class itself, while the typicality requirement focuses on how the named plaintiff's claims compare to the claims of the other class members." *Id.* (internal citations omitted).

"[M]inor variations in the fact patterns underlying individual claims" do not preclude a finding of typicality "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented." *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). Rule 23(a)(3) requires "only that the disputed issues of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Fort Worth Emps. Ret. Fund*, 301 F.R.D. at 132. Plaintiff's claims meet this requirement, as he alleges claims based on the same failure by Defendant to pay sales tax in full under the same Policy language as the rest of the proposed class.

Defendant argues under this prong, separately, that Plaintiff lacks standing and is thus not a typical class representative.[5] However, Defendant's conclusory standing argument, relying again on the distinction between lessees and owners, fails to defeat class certification for the reasons already stated. Moreover, to the extent Defendant argues that Plaintiff has not suffered an injury-in-fact because he did not pay sales tax on an actual replacement vehicle, that argument fails at this stage because Plaintiff's "claim is that []he was injured when Defendants breached their contract by not paying h[im] the full actual cash value for h[is] total loss vehicle, regardless of the taxes and fees actually incurred [and thus has] sufficiently demonstrated, for this stage in the

---

[5] Defendant raises this argument both as to typicality and adequacy. (Opp. Br. at 8-9). The Court considers the argument here, but it fails to negate either prong. Other courts have considered standing arguments as relating to either typicality or adequacy interchangeably. *See e.g., Westchester Indep. Living*, 331 F.R.D. at 295-297; *Paris*, 2020 WL 7039018, at *7.

proceedings, that there are at least genuine issues of material fact as to whether [he] incurred such economic damages." *Paris*, 2020 WL 7039018, at *4. Defendant's argument, again, goes entirely to the merits and does not defeat class certification. Plaintiff has sufficiently shown that his claims arise from the same course of conduct as putative class members' claims do—Defendant's breach of a form contract. The third Rule 23(a) factor is fulfilled.

     IV.    <u>Rule 23(a)(4): Adequacy</u>

     Under Rule 23(a)(4), the Court "must examine whether the named plaintiff's interests 'are antagonistic' to those of the other proposed members of the class." *Wedra*, 2022 WL 2116760, at *3 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)). This inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)).

     Other than the standing argument addressed *supra*, Defendant does not contest Plaintiff's adequacy as a class representative. Plaintiff has met his burden on this factor. Plaintiff does not have any conflicts with the putative class and has sufficiently demonstrated his commitment to this case to-date. Separately, an adequate class representative must have attorneys who are "qualified, experienced and generally able to conduct the litigation." *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Plaintiff's counsel is sufficiently experienced, and adequate to serve as class counsel. Defendant does not dispute the experience and adequacy of Plaintiff's counsel to serve as class counsel. The fourth and final Rule 23(a) factor is, therefore, satisfied.

V.   <u>Implied Requirement of Ascertainability</u>

A fifth pre-condition to class certification has been recognized in various circuits, including the Second Circuit: "[t]he implied requirement of ascertainability." *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d at 30. "To be ascertainable, the class must be readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling." *Wedra*, 2022 WL 2116760, at *4 (quoting *Charron v. Pinnacle Grp. N.Y. LLC*, 269 F.R.D. 221, 229 (S.D.N.Y. 2010)). "The standard for ascertainability is not demanding and is designed only to prevent the certification of a class whose membership is truly indeterminable." *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014).

Plaintiff has met his modest burden on ascertainability. (*See* Pl. Br. at 7-9). The Proposed Class is defined by location, subject matter, and time, and these boundaries are sufficient to prevent the need for a "mini-hearing on the merits" to determine if any given person is a class member. *In re Petrobras Sec. Litig.*, 862 F.3d 250, 267 n.20 (S.D.N.Y. 2017). In addition, Plaintiff posits that he can identify putative class members via data stored in Defendant's management software. Notably, Defendant does not contest this factor. (*See generally* Opp. Br.). Under these circumstances, the final, implied Rule 23(a) factor is met.

In sum, Plaintiff has carried his burden with respect to all four requirements of Rule 23(a) and the implied requirement of ascertainability.

VI.   <u>Rule 23(b)</u>

Plaintiff must establish, in addition to meeting each of the Rule 23(a) factors, that at least one of the requirements of Rule 23(b) have been met. Here, Plaintiff seeks certification under Rule 23(b)(3). (Pl. Br. at 16). That provision requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class

action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). There are four "pertinent matters" for courts to consider in evaluating an application under Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.* Separate litigations and forum issues are not relevant here; rather, the parties focus their argument as to Rule 23(b) only on predominance and the difficulties of managing a class action. (Opp Br. at 12).

The predominance requirement of Rule 23(b)(3) is more demanding than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc.*, 521 U.S. at 624. "Predominance is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (internal quotation omitted).

Plaintiff argues that common issues predominate because "the Policy and practices are materially uniform . . . [the claim] will be determined by proof common to all Class members" and "the predominant issue is whether Defendant's form insurance Policy requires the payment of sales tax for total loss claims." (Pl. Br. at 17, 18). Defendant responds that individualized issues would predominate "on the fact and amount of any damages" because "Plaintiff has not identified a damages methodology . . . much less a damages expert" and because sales tax rates vary by residence of class members. (Opp. Br. at 13).

Plaintiff has, notwithstanding Defendant's argument, met his burden at this stage of the litigation. As an initial matter, while a damages expert may be useful to the Court in determining class members' damages, it is not required by Rule 23(b). Moreover, any individual issues concerning damages here, such as the applicable rate of sales tax for different class members, do not preclude class certification.[6] Because Plaintiff has identified a common *measure* for calculating damages—multiplication of the sales tax rate by the vehicle's ACV—the need for individualized *calculations* "alone cannot preclude certification under Rule 23(b)(3)." *Roach*, 778 F.3d at 409.

Unsurprisingly, "[t]here is widespread agreement that certification under Rule 23(b)(3) is warranted for claims that involve contracts that, like here, contain the same or essentially the same terms." *Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-08405, 2013 WL 12224042, at *13 (S.D.N.Y. July 12, 2013). Defendant's arguments to the contrary, again, go to the merits of whether insureds are entitled to the full payment of sales tax or not. If they are entitled, then class members will all calculate damages the same way—by determining the sales tax owed and then deducting the sales tax paid. Whether the sales tax paid is zero or some other amount less than the full payment owed, if any, is merely a matter of calculation.

The last element of the Rule 23(b) inquiry—manageability—is another element that Defendant does not dispute. Plaintiff has shown that "this case will be far more manageable than many class actions that are regularly certified because [the] class is ascertainable from the defendant's own records." (Pl. Br. at 24 (quoting *Fleisher*, 2013 WL 12224042, at *58 (alteration added))). The Court agrees that manageability considerations here weigh in favor of certification, especially given the size of the Proposed Class. Plaintiff has met his burden under Rule 23(b)(3).

---

[6] Defendant's reliance on *Comcast*, 569 U.S. 27, is misplaced because "*Comcast* . . . did not hold that a class cannot be certified under Rule 23(b)(3) simply because damages cannot be measured on a classwide basis." *Roach*, 778 F.3d at 407.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification under Rule 23(b)(3) is GRANTED. The Court certifies a class comprised of all persons:

> (a) who insured a vehicle for physical damage coverage under a New York automobile insurance policy issued by Progressive Advanced Insurance Company, (b) who made a claim under the policy for physical damage to the vehicle, (c) whose claim was adjusted as a total loss between September 10, 2014 and the date of this Order, and (d) who were not paid the applicable New York sales tax owed for their total-loss claim.

The Court grants Plaintiff's unopposed application to appoint Plaintiff Steven Buffington as class representative and, under Fed. R. Civ. P. 23(g)(1), appoints Edward A. Normand and Amy L. Judkins of Normand PLLC, Joseph N. Kravec of Feinstein Doyle Payne & Kravec, LLC, and Antonio Vozzolo of Vozzolo, LLC as class counsel.[7] The parties shall meet and confer to consider a proposed joint notice plan; and shall notify the Court jointly within 14 days of the date of this Memorandum Opinion and Order of the results of their discussion, including a proposed joint notice plan. If for any reason the parties cannot agree, each shall file, within 14 days of the date of this Memorandum Opinion and Order, their proposed notice plan in one joint letter of no more than 5 double-spaced pages.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 59.

**SO ORDERED**:

Dated: White Plains, New York
      August 23, 2022

_____
Philip M. Halpern
United States District Judge

---

[7] Defendant does not contest the appointment of class counsel and the Court, separately, finds that class counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).