IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BUFFINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE CO., *et al.*,<br><br>Defendants. | Civil Action No.: 7:20-CV-07408 (VB)<br><br> |

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

Before the Court is Plaintiff Steven Buffington's ("Plaintiff"), individually and as Class Representative on behalf of a proposed Settlement Class, and Defendants Progressive Advanced Insurance Company's, Progressive Casualty Insurance Company's, Progressive Specialty Insurance Company's, and Progressive MAX Insurance Company's (collectively "Progressive") Motion for Preliminary Approval ("Motion") and proposed Class Action Settlement as set forth in the Settlement Agreement, both of which were filed with the Court on March 21, 2024;

Based on the Settlement Agreement, all of the files, records, and proceedings in this case, statements by counsel, and it appearing to the Court that a hearing should be held to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, the Court **ORDERS** as follows:

1.    The Settlement Agreement (including Exhibits) is incorporated by reference in this Order, and all terms defined in the Settlement Agreement will have the same meanings in this Order.

2. This Court has subject-matter jurisdiction over this Action and personal jurisdiction over all Parties to this Action, including the Plaintiff, all Settlement Class Members, and Progressive.

3. The Court preliminarily finds that the negotiations leading to the Settlement Agreement occurred at arm's length and there was sufficient discovery in this case prior to settlement. The Court preliminarily approves the Settlement Agreement (including Exhibits), finding that the Settlement Agreement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class because, upon preliminary review and as required by Federal Rule of Civil Procedure 23(e)(1)(B), there is sufficient information provided to determine that the Court will likely be able to approve the proposal and certify the Settlement Class. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons.

4. The Court may conditionally certify a class for settlement purposes, if it has "ensure[d] that the requirements of Rule 23(a) and (b) have been met." *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).

5. "If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." *See* Fed. R. Civ. P. 23(e)(1) advisory committee's note to 2018 amendment.

6. Here, on August 23, 2022, the Court previously certified a Rule 23(b)(3) class to pursue claims against Progressive Advanced Insurance Company. *See* ECF No. 94. Plaintiff has

2

since amended his complaint to assert claims the same as, or materially similar to, those that were certified by this Court against Progressive Advanced Insurance Company. The amended complaint adds as defendants Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, and Progressive Max Insurance Company. Plaintiff alleges Progressive and all Settlement Class Members are bound by the same materially identical form insurance policies. He further maintains the central issue is whether under Progressive's form policy language and New York law, Progressive was required to pay full sales tax for total loss claims.

7. Plaintiff alleges that every Settlement Class Member's claims can be established through evidence of Progressive's uniform policies, practices and procedures and the application of New York law. Because the legal and factual issues underlying the claims of the Settlement Class are substantively identical to those underlying the claims of the class previously certified by this Court, except that the Settlement Agreement expands the class to include insureds with policies underwritten by the additional Progressive entities added in the Second Amended Complaint, the Court finds that the Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(3) for the same factual and legal reasons set forth in the Court's prior class certification order. *See* ECF No. 94.

8. Progressive maintains all defenses to certification and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether the previously certified class should have been certified for class treatment.

9. For purposes of determining whether the terms of the Settlement Agreement should be finally approved as fair, reasonable, and adequate—subject to Progressive retaining its rights to assert, if this Settlement Agreement is not ultimately approved, that this Court's previous Class

Certification Order was incorrectly decided—the Court preliminarily certifies the following class for settlement purposes only:

> All individuals with personal automobile insurance policies issued in New York and underwritten by Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, or Progressive Max Insurance Company who made a claim for comprehensive or collision coverage under their policy that was adjusted as a total loss, settled by Progressive on an actual cash value ("ACV") basis, and who Progressive paid $0.00 in New York sales tax, or who received some amount of sales tax, but less than 8% of the ACV assigned by Progressive to the covered vehicle, at any time between September 10, 2014, and the date of this Preliminary Approval Order.

10. Those excluded from the Settlement Class are set forth in paragraphs 1-5 of Section XII in the Agreement.

11. Plaintiff Steven Buffington is appointed as representative of the Settlement Class ("Settlement Class Representative"), and the following attorneys are appointed as counsel for the Settlement Class ("Settlement Class Counsel"):

> Joseph N. Kravec, Jr.
> Feinstein Doyle Payne & Kravec, LLC
> 29 Broadway, 24th Floor
> New York, NY 10006-3205
>
> Antonio Vozzolo
> Vozzolo LLC
> 345 Route 17 South
> Upper Saddle River, NJ 07458
>
> Edmund A. Normand (*pro hac vice*)
> Normand PLLC
> 3165 McCrory Place, Suite 175
> Orlando, FL 32803

12. The Parties have submitted the First Mail Notice, Second Mail Notice, First E-Mail Notice, Second E-Mail Notice, Long-form Notice, Claim Form (including blank form of Claim Form), and Electronic Claim Form as Exhibits 2 through 9 to the Settlement Agreement.

13. Upon careful review, the Court approves, without material alteration, Exhibits 2 through 9 to the Settlement Agreement (including, with respect to the functionality of the Electronic Claim Form, as further described in the Settlement Agreement), unless otherwise modified by agreement of the Parties and approved by the Court.

14. The Court directs that the Notices and Claim Forms be sent to the persons described by, and in the manner set forth in, the Settlement Agreement, including the procedures for notices that are returned as undelivered or due to an incorrect current address.

15. To be timely, Claim Forms must be postmarked on or before the Claims Submission Deadline as set forth in the Settlement Agreement. The Electronic Claim Form must be submitted electronically on or before 11:59 p.m. Eastern on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the portal for submission of an Electronic Claim Form.

16. Simpluris, Inc. is appointed as the third-party Settlement Administrator.

17. The costs of providing the dissemination of notice for administration of the Settlement Agreement, including the costs of the Settlement Administrator, shall be paid by Progressive.

18. The Court finds that the notice to be provided to potential Settlement Class Members substantially in the manner and form set forth in the Settlement Agreement (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the releases contained therein), the anticipated Motion for Attorneys' Fees, an Expenses Award, and a Service Award, of their right to participate in, to object to, or to exclude themselves from the

Settlement Agreement, and to appear at the Fairness Hearing; and (iii) is reasonable and constitutes due, adequate, and sufficient process and notice. *See* Fed. R. Civ. P. 23(c)(2).

19. Review of a proposed class action settlement involves a two-step process: preliminary approval and a subsequent "fairness hearing." The Court first reviews the proposed terms of the settlement and makes a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms. *See* Manual for Complex Litigation § 21.632 (4th ed. 2004); *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

20. The Settlement Agreement does not contain any obvious deficiencies and the Court finds no evidence of fraud or collusion behind the Settlement Agreement. The Settlement Agreement was achieved with the assistance of an experienced mediator, Michael Ungar. Additionally, the Parties litigated both class certification and summary judgment motions. *See* ECF No. 94; ECF Nos. 87–93.

21. Moreover, the Settlement Agreement does not appear to grant preferential treatment to Plaintiff or any segment of the Class. Under the Settlement Agreement, Plaintiff will have the same opportunity to recover 77.5% of his Sales Tax Payment as all other similarly situated Unpaid Insureds. While the Settlement Agreement provides that Underpaid Insureds will have the

6

opportunity to receive up to 100% (but not less than 77.5%) of their Sales Tax Payments and Unpaid Insureds will have the opportunity to receive 77.5% of their Sales Tax Payments, the difference in treatment between these two groups appears reasonable in light of the fact that Unpaid Insureds are subject to various defenses Progressive asserts in this litigation, namely that Unpaid Insureds are not entitled to any sales tax payment for their total loss under either the terms of their policies with Progressive or New York law, whereas Underpaid Insureds may have been entitled to sales tax payments under New York law and received all the sales tax they were owed, but may have received less than the 8% sales tax agreed to in the Settlement Agreement.

22. Based upon a preliminary review, the Settlement Agreement also appears to be well within the range of possible approval under the factors in Rule 23(e)(2). The Settlement Agreement also appears to satisfy the nine factors to consider for approval that were announced in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974): (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

23. More specifically, while the likelihood of success for Plaintiff in this litigation is uncertain, the Settlement Agreement provides Settlement Class Members the opportunity to recover approximately 77.5% of the total sales tax that they would be awarded if Plaintiff achieved full success in the case via a judgment, a prospect which would entail significant time, expense, and risk. Further, the Settlement Agreement was only reached after extensive discovery and the

briefing of summary judgment motions, indicating that the Plaintiff and his counsel had an adequate information base before reaching the Settlement Agreement. In addition, as discussed above, there is no evidence of collusion.

24. In sum, upon preliminary review, the Court finds that given the relief secured, the robust notice plan, and the simple claims submission process, it will likely be able to approve the terms of the Settlement Agreement as fair, reasonable, and adequate. As such, the terms of the proposed Settlement Agreement warrant providing notice to potential Settlement Class Members and the opportunity to request exclusion or object to the terms and scheduling a Fairness Hearing to determine whether to grant final approval.

25. No later than ten (10) days before the Fairness Hearing, the Settlement Administrator shall file proof of completion of notice, along with the Opt-Out List, which shall be a list of all persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

26. Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit an appropriate, timely, written request for exclusion, as set forth in the Settlement Agreement, postmarked no later than twenty-one (21) days prior to the Fairness Hearing. Requests for exclusion must be individually executed by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.

27. Potential Settlement Class Members who submit timely and valid requests for exclusion in the manner set forth in the Notice and Settlement Agreement, shall be excluded from the Settlement Class. Such Persons shall have no rights under the Settlement Agreement, will not share in distribution of funds, and will not be bound by the Settlement Agreement or any Final Order and Judgment. If a Final Order and Judgment is entered approving the Settlement

Agreement, all Settlement Class Members who do not make timely, written requests for exclusion—regardless of whether they submit a claim—will be bound by all proceedings, orders, and judgments in the Action and shall be conclusively deemed to have fully and finally released all Released Persons from any and all Released Claims, as defined in the Settlement Agreement, even if such Settlement Class Member never received actual notice of the Action or this Settlement Agreement.

28. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Settlement Agreement. Any Settlement Class Member who wishes to object must file a written objection, as described in the Settlement Agreement and below. Any Settlement Class Member who timely files an objection in compliance with the Settlement Agreement and this Order may appear at the Fairness Hearing, in person, or by counsel, and be heard to the extent allowed by the Court.

29. To be timely, any objection must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than twenty-one (21) days prior to the Fairness Hearing, and to be effective, an objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, including but not limited to:

    a. Including the name of the case and case number;

    b. Providing the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c. Providing the Settlement Class Member's name or address at the time of their total loss claim, if different than their current name or address;

    d. Providing a statement of the Person's membership in the Class,

    including a verification under oath of the approximate date of their total-loss or attach documents establishing, or provide information sufficient to allow the Parties to confirm, that they are a Class Member;

  e. Indicating the specific reasons why the Settlement Class Member objects to the Settlement Agreement;

  f. Identifying any documents the Settlement Class Member wishes the Court to consider;

  g. Setting forth the case name and number of any other case in which the Settlement Class Member has objected in the last five (5) years;

  h. Setting forth the name, address, bar number, telephone number, and signature of the objecting Settlement Class Member's counsel, if represented by an attorney, and the identity of any current or former lawyer who may be entitled to compensation for any reason related to the objection. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

  i. Stating whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, either in person or through counsel.

30.   Failure to comply with these requirements may prevent the objection from being considered by the Court.

31. In addition, if the Settlement Class Member indicates, as set forth above, that he or she intends to appear and speak at the Fairness Hearing, an objection must also contain the following information:

   a. A detailed statement of the specific legal and factual basis for each objection;

   b. A list of any and all witnesses whom the Settlement Class Member may seek to call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

   c. A list of any legal authority the Settlement Class Member will present at the Final Approval Hearing; and

   d. Documentary proof of membership in the Settlement Class.

32. A lack of substantial compliance with these requirements may result in the Court denying the Settlement Class Member or his/her attorney permission to speak or present evidence or testimony at the Fairness Hearing.

33. The Court directs the Settlement Administrator to rent a Post Office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to the Post Office box, except as otherwise expressly provided in the Agreement or by further order of the Court. The Court also directs the Settlement Administrator to promptly furnish Class Counsel and Progressive's Counsel with copies of any objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

34. The Court will hold a Fairness Hearing, not sooner than ninety (90) days after entry

of this Order, on _____August 6_____, 2024, at 10 : 00 a.m., in Courtroom 620 located at The Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, during which the Court will consider whether the Proposed Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter a Final Order and Judgment approving the Settlement Agreement and dismissing this Action with prejudice and on the merits. The Court will also consider the amount of any Attorneys' Fees Award and Expense Award and whether to make and the amount of any Service Award to Plaintiff. Class Counsel is directed to file any application for attorneys' fees, costs, and a service award no later than fourteen (14) days prior to the deadline to file objections. Class Counsel shall provide a draft of such motion to Progressive for Progressive's review at least seven (7) days prior to filing. Upon filing, the Settlement Administrator is directed to post the application to the Settlement Website.

35. Class Counsel must file a motion seeking the Court's final approval of the Settlement Agreement at least thirty-five (35) days prior to the Fairness Hearing. Class Counsel shall provide a draft of such motion to Progressive for Progressive's review at least seven (7) days prior to filing.

36. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website and the Court's publicly available docket. The Court further reserves the right to enter a Final Judgment approving the Settlement Agreement and dismissing the Action with prejudice as to the Released Persons and against Plaintiff and the Settlement Class Members at or after the Fairness Hearing and without further notice to the Settlement Class Members.

37. Based upon the terms of the Agreement, and based upon today's date of _____March 27_____, 2024, on which this Preliminary Approval Order is being entered, the Court sets the following schedule to govern this matter up to the Fairness Hearing:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Settlement Website Activation | April 1, 2024 |
| 2 | Deadline for Defendants to provide to Settlement Class Member names, mailing or street addresses, email addresses, and the additional information required by Section III of the Settlement Agreement to the Settlement Administrator | April 26, 2024 |
| 2 | Deadline for Settlement Administrator to mail out first mail notice ("First Mail Notice Date"). | May 13, 2024 |
| 3 | Deadline for Settlement Administrator to mail out first e-mail notice ("First E-Mail Notice Date"). | May 13, 2024 |
| 4 | Deadline for Class Counsel to file their application for attorneys' fees, costs, and expenses. | July 2, 2024 |
| 5 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement. | July 2, 2024 |
| 6 | Deadline for Settlement Administrator to mail out second mail notice ("Second Mail Notice Date"). | July 16, 2024 |
| 7 | Deadline for Settlement Administrator to mail out second e-mail notice ("Second E-Mail Notice Date"). | July 16, 2024 |

| 8 | Deadline for Settlement Class Members to opt-out of the Settlement. | July 16, 2024 |
|---|---|---|
| 9 | Deadline for submission of objections to the Settlement Agreement. | July 16, 2024 |
| 11 | Deadline for Settlement Administrator to file proof of completion of Notice, Opt-Out list and supporting affidavit, and a list of all Persons who submitted objections and supporting affidavit. | July 30, 2024 |
| 12 | Fairness Hearing | ___August 6___, 2024, at 10 : 00 a .m., as set forth in this Order |
| 13 | Claims Submission Deadline | August 21, 2024 |

38.     Upon a showing of good cause, the Court may extend any of the above deadlines without further notice to the Settlement Class.

39.     All other proceedings in the Action are stayed until further order of the Court, except that the Parties may conduct limited proceedings as necessary to implement or effectuate the Settlement Agreement.

40.     Class Counsel and Progressive's Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement Agreement which are not materially inconsistent with either this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: ___March 27, 2024___

_____
Hon. Vincent L. Briccetti
United States District Judge