IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BUFFINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE CO., *et al.*,<br><br>Defendants. | Civil Action No.: 7:20-CV-07408 (VB) |

### ~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, AND AWARDING ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF SERVICE AWARD

**WHEREAS**, the Parties have entered into the Class Action Settlement Agreement, (the "Settlement Agreement") (ECF No. 153-1), to settle this Action. The capitalized terms used herein have the same meaning as those in the Settlement Agreement.

**WHEREAS**, by Order dated March 27, 2024 (ECF No. 156) ("Preliminary Approval Order"), this Court granted preliminary approval of the Settlement Agreement, preliminarily certified the Settlement Class, ordered the dissemination of Class Notice to potential Class Members, provided Class Members an opportunity to exclude themselves from the Class or to object to the Settlement Agreement, and issued related Orders.

**WHEREAS**, the Court held a Fairness Hearing on August 6, 2024 at 10:00 a.m. The Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities.

For good cause, the Court **ORDERS**:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2024

1

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. This Court has subject-matter jurisdiction over this Action and personal jurisdiction over all Parties to this Action, including the Plaintiff, all Settlement Class Members, and Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, and Progressive Max Insurance Company (together "Progressive" or "Defendants").

3. The Court finds that the Class Notice constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court finds that the Settlement Administrator ~~or Defendants~~ properly and *VB* timely notified the appropriate government officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and finds that it complied with all applicable requirements. Further, more than ninety (90) days have elapsed since Defendants provided CAFA notice.

5. The Court finds that, for purposes of settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the reasons set forth on the record on August 6, 2024. ~~in the Preliminary Approval Order~~. The Court certifies the *VB* following Settlement Class for purposes of settlement only:

> All individuals with personal automobile insurance policies issued in New York and underwritten by Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, or Progressive MAX Insurance Company who made a claim for comprehensive and collision coverage under their policy that was adjusted as a total loss, settled by Progressive on an actual cash value ("ACV") basis, and who Progressive paid $0.00 in New York sales tax, or who received some amount of sales tax, but less than 8% of the ACV assigned by Progressive to the covered vehicle, at any time between

2

September 10, 2014, and March 27, 2024 [~~the date of the Preliminary Approval Order~~]. *VB*

Excluded from the Settlement Class are: (i) Progressive's officers, directors, employees, or legal representatives; (ii) all United States District Judges and United States Magistrate Judges to whom this case is or was assigned, along with any members of their immediate families; (iii) all Insureds who made a valid claim for comprehensive and collision coverage and were paid a combined state and local New York sales tax rate equal to or greater than 8% of the ACV assigned by Progressive to the Insured's covered vehicle; ~~(iv) any person who has timely opted out of the Settlement Class~~; *VB* (iv) and ~~(v)~~ any lawyer who has entered their appearance in this Action and any past or current *VB* employee of the Plaintiff's lawyers' firms who was employed by any of those firms during the pendency of this Action. The Court also affirms the appointments of Class Counsel and the Class Representative as specified in the Preliminary Approval Order.

6.    The Court has specifically considered the factors relevant to class action settlement approval, including the factors set forth in Fed. R. Civ. P. 23(e)(2), as well as:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

7.    Under Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement Agreement and finds it is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

a. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

b. There is no fraud or collusion underlying this settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, supporting final approval. *See, e.g., Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023) ("[T]he arms-length quality of the negotiations remain a factor in favor of approv[al.]"); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

c. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g., Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4 (2d Cir. 2012) (affirming the district court's approval of a settlement where settling was more beneficial to the proposed class than proceeding to trial).

d. The support of Progressive, Progressive's Counsel, Class Counsel, and Plaintiff, who ~~have~~ have participated in this litigation, including engaging in significant discovery and motion practice, and evaluated the proposed settlement, also ~~favor~~ favors final approval. *See In re Sony Corp. SXRD*, 448 F. App'x 85, 87 (2d Cir. 2011).

e. The settlement provides meaningful monetary relief to the Settlement Class, while avoiding the risks of trial, including the risk of no recovery at all, and ~~certainly~~ falls within the range of possible recoveries by the Settlement Class Members. Indeed, the settlement ~~gave~~ gives Settlement Class Members the opportunity to recover at least 77.5% of the sales tax that Plaintiff

alleged was owed to them. Absent this settlement, the Court would have had to resolve the Parties' cross-motions for summary judgment, the outcome of which was uncertain, could have resulted in the Class receiving nothing at all, and would have likely resulted in further appellate proceedings.

8. The reaction of the Settlement Class has been positive with ~~over~~ 5,161 claims being made with ~~only~~ 0 objections and 0 opt-out requests ~~being filed~~ being having been filed in a Class with over 31,002 members. ~~The Court has carefully considered each objection that has been filed and/or presented at the Fairness Hearing and finds none of them warrant disapproval of or modification to the Settlement Agreement.~~

9. The Court has also considered Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, and Service Award, as well as the supporting memorandum of law and declarations. ECF Nos. 160, 161, 164 on the record on August 6, 2024, . For the reasons set forth ~~in that Motion~~, the Court hereby awards Class Counsel attorneys' fees in the amount of $3,500,000.00 and costs and expenses in the amount of ~~$120,000~~ $111,053.15, which the Court finds is fair, reasonable, and justified under the circumstances presented. Such payment shall be made by Defendants pursuant to and in the manner provided by the terms of the Settlement Agreement.

10. The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for ~~an incentive~~ a service award to the Class Representative. See ECF No. 160, 161, 164 ~~at~~ _____. The Court adjudges that the payment of a service award in the amount of $10,000 to the Class Representative to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

11. As of the Effective Date, the Releasing Persons (~~Agreement~~ [Settlement Agreement § I.o] § I.nn) shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (*id.* § I.mm) against the Released Persons (*id.* § I.oo). Upon the Effective Date, the release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Persons only as to Released Claims. The claims asserted in *Volino v. Progressive Casualty Insurance Company, et. al.*, No. 1:21-cv-06243-LGS (S.D.N.Y), and *Narcisse v. Progressive Casualty Insurance Company, et. al.*, No. 1:23-cv-04690-JGK (S.D.N.Y.) are not Released Claims. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

12. ~~The individuals identified in Exhibit ___ timely and validly requested exclusion from the Settlement Class. These individuals shall not share in the monetary benefits of the Settlement Agreement, and this Order does not affect their legal rights to pursue any claims they may have against Progressive or the Released Persons.~~

13. This ~~The~~ Action, including all claims asserted, is dismissed on the merits with prejudice.

14. Consummation of the Settlement Agreement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each party to the settlement with respect to the interpretation and implementation of the settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement Agreement or this Order.

15. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, Plaintiff, the Settlement Class Members, and Progressive to enforce the terms of the Settlement Agreement, the Court's order preliminarily certifying the class (ECF No. 156), and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, this Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns. ~~The Final Judgment is not binding on the individuals identified in Exhibit __ who timely and validly requested exclusion from the Settlement Class.~~ *VB*

16. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not materially alter, reduce, or limit the rights of Settlement Class Members.

17. The Settlement Agreement and this Order shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement Agreement or the rights of the Parties or their counsel. Neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Progressive, the Released Persons, Plaintiff, or the Class, or as a waiver by Progressive, the Released Persons, Plaintiff, or the Class of any applicable privileges, claims or defenses. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the

use of this Order in a proceeding to consummate or enforce the settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

**IT IS SO ORDERED.**

Dated: August 6, 2024
White Plains, NY

_____
Hon. Vincent L. Briccetti
United States District Judge