IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BUFFINGTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE CO., *et al.*,<br><br>Defendants. | Civil Action No.: 7:20-CV-07408 (VB) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2024

### [PROPOSED] FINAL JUDGMENT

On August 6, 2024, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Expenses, and Plaintiff Service Award (ECF No. 167 (the "Final Approval Order") in the above-captioned matter as to the following class of persons:

> All individuals with personal automobile insurance policies issued in New York and underwritten by Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, or Progressive MAX Insurance Company who made a claim for comprehensive and collision coverage under their policy that was adjusted as a total loss, settled by Progressive on an actual cash value ("ACV") basis, and who Progressive paid $0.00 in New York sales tax, or who received some amount of sales tax, but less than 8% of the ACV assigned by Progressive to the covered vehicle, at any time between September 10, 2014, and March 27, 2024 [the date of the Preliminary Approval Order]. VB

> Excluded from the Settlement Class are: (i) Progressive's officers, directors, employees, or legal representatives; (ii) all United States District Judges and United States Magistrate Judges to whom this case is or was assigned, along with any members of their immediate families; (iii) all Insureds who made a valid claim for comprehensive and collision coverage and were paid a combined state and local New York sales tax rate equal to or greater than 8% of the ACV assigned by Progressive to the Insured's covered vehicle; (iv) any person who has timely opted out of the Settlement Class; and (v) any lawyer who has entered their appearance VB

(iv)

in this Action and any past or current employee of the Plaintiff's lawyers' firms who was employed by any of those firms during the pendency of this Action.

Therefore, under Federal Rule of Civil Procedure 58, the Court **DIRECTS** the Clerk to enter judgment as to the specified class of persons, ~~(excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in Exhibit ___ to the Final Approval Order),~~ *VB* Plaintiff, and Defendants Progressive Advanced Insurance Company, *VB* Progressive Casualty Insurance Company, Progressive Specialty Insurance Company, and Progressive MAX Insurance Company on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. Payments under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

3. As of the Effective Date, the Releasing Persons (Settlement Agreement § I.nn) shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (*id.* § I.mm) against the Released Persons (*id.* § I.oo).

4. The Action, including all claims asserted, is dismissed on the merits with prejudice.

_____
Hon. Vincent L. Briccetti
United States District Judge

ENTERED: __August 6_____, 2024

By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

→ The Clerk is instructed to terminate the motions (Docs. ## 151, 158, 160) and close this case.

2